Marie L. NUGENT, Plaintiff-Appellant,

v.

JESUIT HIGH SCHOOL OF NEW OR-
LEANS et al., Defendants-Appellees.

No. 80–3012

Summary Calendar.

United States Court of Appeals,
Fifth Circuit

Sept. 19, 1980.

William R. Brough, Peter D. Derbes, New Orleans, La., for plaintiff-appellant.

Denechaud & Denechaud, Glen Patrick McGrath, New Orleans, La., for defendants-appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The Employee Retirement Income Security Act of 1974, Pub.L.No.93–406, 88 Stat. 829 (ERISA), requires the administrator of a covered pension plan to furnish to any plan "participant" upon written request a statement showing the total benefits accrued and the portion, if any, which have become nonforfeitable ("vested").[1] The administrator that fails to comply with such a

---

1. 29 U.S.C.A. § 1025(a):

Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information—

(1) the total benefits accrued, and
(2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.

request within 30 days may be sued by the participant and subjected to substantial personal liability, in the discretion of the District Court.[2] The sole issue on this appeal is whether a former employee whose pension benefits were not vested at the time of her termination retains "participant" rights under the Act. We conclude that such a former employee is not a "participant" and therefore cannot recover penalties against the administrator for failure to promptly furnish a statement.[3] We accordingly affirm the grant of summary judgment in favor of the administrator.

For the purposes of this appeal, the facts may be simply stated.[4] Marie L. Nugent was a teacher for Jesuit High School of New Orleans for three years. Since Nugent was over twenty-five years old, she qualified as a participant in the school's pension plan during that period. None of her benefits vested, however, since she had not completed five years of service when terminated, as required by the pension plan. A month after her termination, she wrote the school requesting "all specific, detailed information regarding the amount which has been vested in the Pension Fund." It may be assumed that this request was addressed to the pension plan "administrator" and was adequate in form under ERISA. No reply to this request was received within thirty days.

Nugent then filed two lawsuits against the school. One alleged that her termination was the result of age discrimination,

entitling her to reinstatement and the recovery of interim benefits, among other damages. The second was the present lawsuit, seeking disclosure of the requested information, statutory damages, and attorney's fees. Soon after filing this lawsuit, the school furnished the requested information; by then, some 17 months had passed since the original request.

Nugent's right to a response concerning her pension plan rights and benefits depends on whether she was still a "participant" after her termination:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C.A. § 1002(7). The meaning of this statutory term is to a degree further indicated by 29 U.S.C.A. § 1052(a)(1)(A), which provides that any employee over 25 years of age and with one year of service must be made eligible for "participation" in the type of pension plan at issue here. ERISA indicates that a participant's benefits under this type of pension plan must begin to vest after five years of service. 29 U.S.C.A. § 1053.

---

2. 29 U.S.C.A. § 1132(c):

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Attorney's fees may also be recovered pursuant to 29 U.S.C.A. § 1132(g).

3. Alternatively, Nugent's lack of "participant" status may be viewed as a lack of subject matter jurisdiction, which we may consider at any point. F.R.Civ.P. 12(h)(3). Under 29 U.S.C.A. § 1132, we lack federal subject matter jurisdiction if Nugent is not a "participant." *See, e. g., Stone v. Stone,* 450 F.Supp. 919, 921–23 (N.D.Calif.1978).

4. Including the single issue we address today, there were four grounds asserted by the administrator in support of the summary judgment motion. The District Judge's ruling did not indicate which of the grounds was relied upon. Since we affirm that ruling based on only one of the asserted grounds, we do not reach the other three grounds, and of course we adopt the losing party's view on any disputed facts or inferences.

It is plain that any current employee who meets the minimum participation standards "may become eligible to receive a benefit" even though the employee has not acquired enough tenure for his or her benefits to vest. By remaining on the job, the employee will eventually become vested. Thus that current employee is always a "participant." The former employee who is terminated after having acquired vested benefits is also a "participant:" at retirement, the vested benefits are actually paid. The vested former employee therefore "is . . . eligible to receive a benefit."

In contrast, the former employee without vested benefits will not receive benefits at retirement unless subsequently rehired by the employer. Nugent argues that the school might choose to rehire her, or be forced to do so if her age discrimination suit is successful. Because of the rehire possibility, Nugent argues that she falls within the statutory language of a "former employee" who "may become eligible to receive a benefit."

Nugent's argument has some force because a present employee without vested benefits is nonetheless a "participant:" the employee's continued employment will cause the benefits to vest. Similarly, the employer's decision to rehire a former employee—as compared to retaining a present employee—will cause the employee's benefits to vest after appropriate continued employment. Nugent therefore presents a good argument that the statutory language can be read literally to make, in effect, all former employees over the age of 25 "participants." [5]

We are convinced, however, that Congress did not intend such a reading. We believe that the "may become eligible" language was intended to apply only to current employees. In *Golden v. Kentile Floors, Inc.*, 512 F.2d 838 (5th Cir. 1975), we con-

fronted a very similar issue under the partially identical pre-ERISA pension law.[6] Golden left Kentile Floors to work for a competitor. Working for a competitor forfeited his plan benefits. Golden was informed by Kentile Floors that it regarded his new employer as a competitor and that his benefits would be forfeited unless he quit within five days. We held, though without extensive explanation, that Golden was not a "participant." We cautioned, however, that had the administrators of Golden's plan not first informed him that his benefits were forfeited, "different considerations" might have been involved. 512 F.2d at 850.

Nugent was not informed by the school of her lack of benefit rights prior to her information request. *Golden* is therefore not controlling. It does, however, suggest that the "may become eligible" language was not intended to apply to all former employees, for otherwise Golden would have been entitled to statutory penalties whether or not he had been first informed of his lack of benefit rights.

The "different considerations" presented in our case today arise under a slightly different legislative framework than in *Golden*. While the pre-ERISA law involved in *Golden* used the same definition of "participant," it imposed less onerous disclosure requirements on administrators: only generalized information concerning the pension plans needed to be disclosed. But ERISA requires disclosure of each requesting participant's benefits—a considerably more difficult administrative task requiring an accounting of the participant's benefits.

Congress recognized the burden of individualized accountings. Thus it limited participants to one requested accounting per year. 29 U.S.C.A. § 1025(b). Congress also required only a single, individualized accounting to be furnished to the Social

---

**5.** Other pension plans could impose a one-year service requirement, as well as the 25 year-old minimum age, under ERISA's minimum participation requirements.

**6.** Prior law required the disclosure of certain overall information concerning the pension

plan, not individualized accountings. The definition of "participant" was, however, identical. *Golden* involved a profit-sharing plan, but those are treated by the relevant legislation in the same manner as pension plans.

Security Administration and to the employee when the employee terminated his service. 29 U.S.C.A. § 1029(a)(1)(B).[7] But Congress made clear that it intended to limit that requirement to former employees with vested, not nonvested benefits (emphasis supplied):

> A copy of the statement of the deferred *vested* benefits in the plan for individuals who have terminated employment during a plan year which is furnished to the Social Security Administration also is to be furnished to the individual participant.

H.R.Conf.Rep.No. 93–1280, 93d Cong., 2d Sess., *reprinted in* [1974–3] U.S.Code Cong. & Admin.News, pp. 5038, 5042. This statement reflects the assumption that nonvested former employees are not "participants."

Plan administrators have to maintain records of vested former employees since benefits must eventually be paid to those individuals or their beneficiaries. Similarly, administrators would in any event keep records of current, though nonvested, employees who are, at least constructively, active contributors to the pension plan. But had Congress required, because at some future date an accounting may be requested, the maintenance of records for nonvested former employees, a considerable additional burden would have been imposed.[8] We do not believe that Congress intended such an additional burden.[9]

We therefore extend *Golden*'s view of the definition of participant to exclude a former, nonvested employee even though the employee received no prior notice of his or her nonvested status. We do not, however, hold that an employee who is given a reasonable indication during employment that his or her benefits have vested may thereafter be terminated and denied an accounting because of an ostensible reevaluation of the vesting determination by the

---

**7.** Although the school's pension plan administrator may not have complied with this section of the Act in Nugent's case, no issue of that failure is presented here.

**8.** As the school's brief observes, Nugent's reading of the Act would mean that a former employee who when 25 years old had worked briefly for an employer could validly come forward with a request for an accounting some thirty or forty years later. We do not believe that Congress intended such a recordkeeping burden simply because of the remote possibility that the nonvested former employee would be rehired.

**9.** We also find it significant, though not controlling, that the agencies charged with administering ERISA do not regard a nonvested former employee as a "participant." *Cf. United States v. Rutherford*, 442 U.S. 544, 553, 99 S.Ct. 2470, 2476, 61 L.Ed.2d 68, 77 (1979) (substantial deference to agency's construction of statute). In establishing the Pension Benefit Guaranty Corporation mandated by ERISA, 29 U.S. C.A. §§ 1301–09, Department of Labor promulgated regulations containing the following definition of "participant:"

> "Participant" means: (a) An individual currently accruing benefits or retaining or earning credited service under the terms of the plan (*but does not include a non-vested former employee* who has incurred a break-in-service of the greater of one year or the break-in-service period specified in the plan); (b) *a former employee with vested rights* to immediate or deferred benefits or a retiree who is receiving or is eligible to receive benefits from the plan (but does not include such a former employee or retiree to whom an insurance company has made an irrevocable commitment to pay the benefits to which the individual is entitled under the plan); (c) a deceased participant whose survivors are receiving or are eligible to receive benefits from the plan; (d) any other individual who is defined as a participant under the terms of the plan; and, (e) for plan years beginning before September 2, 1975, a retiree or former employee for whom a fully paid-up immediate or deferred annuity has been purchased if such individual retains a legal claim against the plan for benefits or if the plan retains a participating interest in the annuity policy. 29 CFR § 2602.2 (emphasis supplied). Since this Corporation was formed to protect the rights of ERISA "participants," among others, the Department of Labor's definition of that class of individuals in the Corporation context appears directly applicable to the Act itself.

Similarly, indications of the views of the Internal Revenue Service are revealed by its approval of the Model Defined Benefit Pension Plan, *reprinted in* Pens.Plan Guide (CCH) ¶ 30,020 *et seq.*, which makes clear that the only former employees who are "participants" are those with vested benefits:

> A former Employee entitled to receive a Pension under the Plan shall continue as a Participant until the date of his death. *Id.* § 30,024.

plan administrator. Some situations may yet find the absence of prior notice to a former employee of significance for purposes of disclosing individual benefits. But we find nothing compelling an exception here. Accordingly, the grant of summary judgment was proper.

AFFIRMED.