**Flutcher GRIMES, Plaintiff-Appellant,**

**v.**

**OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION OF the UNITED STATES AND CANADA, an unincorporated association et al., Defendants-Appellees.**

**No. 79–4320.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 1981.

Decided March 30, 1981.

Howard Moore, Jr., Oakland, Cal., for plaintiff-appellant.

Van Bourg, Allen & Weinberg, San Francisco, Cal., for defendants-appellees.

Before SKOPIL, ALARCON and BOOCHEVER, Circuit Judges.

SKOPIL, Circuit Judge:

## INTRODUCTION

Grimes appeals from the grant of summary judgment for defendants on his claims of

violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the denial of his cross motion for summary judgment on count three of his complaint. We affirm.

## FACTS

Grimes filed a five count complaint, alleging violations of ERISA. Count one alleged that the defendants violated 29 U.S.C. § 1023 by failing to file an annual report for their health and welfare trust plan for the year ending August 31, 1975. The second count alleged the same violation as to the defendants' pension plan for that year. Count three alleged that the defendants failed, in violation of 29 U.S.C. §§ 1024(b)(4) and 1132(c), to furnish Grimes with a copy of the annual reports and pertinent schedules thereto. The fourth count alleged that the defendants' failures to act constituted a breach of their fiduciary duties under 29 U.S.C. § 1109(a). Count five claimed that defendant Dillishaw violated 29 U.S.C. § 1140 by interfering with Grimes' rights of access to the information.

## ISSUE

The only point raised on appeal is whether the district court erred in granting the defendants' motion for summary judgment and denying the plaintiff's motion for summary judgment on the third count.

## DISCUSSION

29 U.S.C. § 1024(b)(4) provides, in pertinent part:

(4) The Administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

These reporting and disclosure requirements were substituted for a prior statute, the Welfare and Pension Plans Disclosure Act, 29 U.S.C. §§ 301 *et seq.*

The effective date of ERISA reporting requirements is governed by section 111 of the Act. It provides, in pertinent part:

In the case of a plan which has a plan year which begins before January 1, 1975, and ends after December 31, 1974, the Secretary may postpone by regulation the effective date of the repeal of any provision of the Welfare and Pension Plans Disclosure Act (and of any amendment made by subsection (a)(2) of this section) and the effective date of any provision of this part, until the beginning of the first plan year of such plan which begins after January 1, 1975.

29 U.S.C. § 1031(b)(2).

The Secretary of Labor has postponed the effective date of ERISA's annual reporting requirements and extended WPPDA reporting requirements. 29 C.F.R. § 2520.104-2 (1979) provides:

"(a) *Postponing reports under the Act.* The January 1, 1975, effective date for the annual financial reporting and related disclosure requirements of section 103 of the Act is postponed for any employee benefit plan having a plan year other than a calendar year. These requirements shall become effective as to such plans on the first day of the first plan year beginning after January 1, 1975. Specifically, the administrator of a non-calendar year plan ... (2) is not required to furnish participants covered under the plan and beneficiaries receiving benefits under the plan with statements of the plan's assets, liabilities, receipts, disbursements, and a summary of the latest annual report, as required by sections 103(a)(1)(A) and 104(b)(3) of the Act, until the required time after the end of the first year which begins after January 1, 1975. The requirement of sections 104(b)(2) of the Act to make copies of the latest annual report available for inspection, and the requirement of sections 104(b)(4) of the Act to furnish, upon written request of a participant or beneficiary, a copy of the latest annual report, do not take effect until the required time after the end of the first plan year which begins after January 1, 1975.

(b) *Extending WPPDA reporting.* The repeal of the annual reporting requirements of section 7 and the requirements for disclosure to participants and beneficiaries relating to annual reports of section 8(a)(2) of the Welfare and Pension Plans Disclosure Act (29 U.S.C. § 306) are postponed from January 1, 1975 for any employee benefit plan having a plan year other than a calendar year. For non-calendar year plans subject to the WPPDA, the reporting and disclosure provisions of the WPPDA shall remain in force and effect through the last day of any plan year beginning before January 1, 1975, and ending after December 31, 1974.

The effective date of ERISA is tied into the effective date of the repeal of the Welfare and Pension Plans Disclosure Act. The delay in the effective date of ERISA indicates that the WPPDA continued to apply until the first plan year beginning after January 1, 1975. 29 U.S.C. § 1031(a)(1); 29 C.F.R. § 2520.104–2(b) (1979). *See* Am. Jur.2d New Topic Service, *Pension Reform Act* § 181 (1975); Pension and Profit Sharing ¶ 17,901 (1976) (P–H). The Secretary stated that postponement was necessary to prevent ERISA from taking effect in the middle of a plan year. The portion of the plan year before January 1, 1975 would be the subject of a WPPDA report, and the portion after that date subject to ERISA. 3 Pension and Profit Sharing ¶ 99,104 (1974) (P–H).

■ The plan year in question here began on September 1, 1974, and ended on August 31, 1975. Grimes cannot state a claim under ERISA for the plan year ending August 31, 1975. ERISA's reporting and disclosure requirements were not in force as to that plan. ERISA is solely prospective. Events occurring before the effective date of the provision at issue are not actionable. *See, e. g., Malone v. White Motor Corp.,* 435 U.S. 497, 499 n.1, 98 S.Ct.

1185, 1187 n. 1, 55 L.Ed.2d 443 (1978) (dicta); *Gordon v. ILWU–PMA Benefit Funds,* 616 F.2d 433, 437 (9th Cir. 1980); *Nugent v. Jesuit High School of New Orleans,* 625 F.2d 1285, 1286 (5th Cir. 1980); *Cowan v. Keystone Employee Profit Sharing Fund,* 586 F.2d 888, 893 (1st Cir. 1978); *Schlansky v. United Merchants & Manufacturers, Inc.,* 443 F.Supp. 1054, 1064 (S.D.N.Y.1977). Grimes has not alleged any violation of the Welfare and Pension Plans Disclosure Act.

## CONCLUSION

The order of the district court is AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting:

I respectfully dissent.

Grimes contended that the defendants failed to furnish him with a copy of annual reports and pertinent schedules in violation of 29 U.S.C. §§ 1024(b)(4) and 1132(c) of the Employee Retirement Income Security Act of 1974 (ERISA). As pointed out in the majority opinion, the ERISA requirements for furnishing the reports were deferred and thus were not applicable at the time Grimes made his request. The parallel requirements[1] of the Welfare and Pension Plans Disclosure Act (WPPDA) for furnishing such reports, however, continued in effect. 29 U.S.C. §§ 306, 307 and 308. Thus Grimes was entitled to the information he requested, although in his argument to the trial court he referred to the wrong statutory authority.

In *Hansen v. Morgan,* 582 F.2d 1214 (9th Cir. 1978), a plaintiff had somewhat similarly argued that the wrong section of a statute was applicable. On appeal he asserted that another section applied. This court stated:

Generally a federal appellate court will not consider an issue not passed upon below. *Singleton v. Wulff,* 428 U.S. 106,

---

1. The WPPDA provisions referred to in this dissent are the now repealed codifications of Pub.L.No. 85–836, Stat. (1958). For a description of the information required in the reports, *compare* 29 U.S.C. § 306 *with* 29 U.S.C. § 1023; for a participant's right to request information from the administrator, *compare* 29 U.S.C. § 307(a)(2) *with* 29 U.S.C. § 1024(b)(4); for the penalty provision applicable when an administrator refuses to comply, *compare* 29 U.S.C. § 308(b) *with* 29 U.S.C. § 1132(c).

120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *United States v. Patrin*, 575 F.2d 708, 712–713 (9 Cir. 1978). However, as we held in *United States v. Patrin, supra*, this rule is not without its exceptions. One of the exceptions recognized in *Patrin* is that when "the issue conceded or neglected in the trial court is purely one of law and either does not affect or rely upon the factual record developed by the parties, [citations omitted], the court of appeals may consent to consider it." *United States v. Patrin, supra*, at 712. 582 F.2d at 1217.[2]

Grimes presented evidence which indicates that the defendants failed to furnish him reports to which he was entitled under the provisions of the Welfare and Pension Plan Disclosure Act. Under the regulations, to which the trial court referred in its Memorandum of Decision, the reporting requirements of that act continued in effect until the parallel ERISA provisions became effective. Particularly in view of the somewhat confusing situation existing as to the date when the ERISA provisions became effective, I think that it was error to grant summary judgment to the defendants merely because Grimes referred to the wrong statute as being applicable.[3]

---

**2.** *See Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir. 1980) (court below committed plain error in applying California law instead of Illinois Law); *United States v. Gabriel*, 625 F.2d 830, 832 (9th Cir. 1980).

**3.** Although Grimes eventually received reports from the Department of Labor, the defendants never furnished the information that Grimes had requested on several occasions. Therefore the defendants violated their obligation to furnish reports within 30 days of a participant's request under either WPPDA or ERISA. 29

U.S.C. §§ 307(a)(2), 308(b); 29 U.S.C. §§ 1024(b)(4), 1132(c). Because ERISA was not yet applicable, Grimes should recover at most the $50 a day penalty in 29 U.S.C. § 308(b), not the $100 a day in 29 U.S.C. § 1132(c).