John H. FREEMAN, M.D., Plaintiff, Appellant, Cross-Appellee,

v.

JACQUES ORTHOPAEDIC AND JOINT IMPLANT SURGERY MEDICAL GROUP, INC., et al., Defendants, Appellees, Cross-Appellants.

Nos. 83-5655, 83-5599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1983.

Decided Dec. 5, 1983.

Arthur Grebow, Cruikshank, Antin & Grebow, Los Angeles, Cal., for plaintiff, appellant, cross-appellee.

Samuel Bufford, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for defendants, appellees, cross-appellants.

Before GOODWIN and ANDERSON, Circuit Judges, KING, District Judge.*

SAMUEL P. KING, District Judge:

Freeman brought this action for an accounting and distribution of benefits claimed owing under the defendant pension and profit sharing plan pursuant to the Employee Retirement Income Security Act of 1974, Pub.L. No. 93-406, 88 Stat. 829, 29 U.S.C. § 1001, *et seq.* (ERISA). The District Court found that Freeman validly and bindingly waived his right to participate in the plan and denied his claim. The District Court also denied defendants' claim for attorney's fees.

Freeman's theory of recovery in the District Court was that he was misled by the defendants as to the cost of his participation in the defendant plan. While he admits that he signed a waiver of participation in the plan, he argues that waiver was invalid because of the defendants' alleged misrepresentation. Freeman appeals the denial of his claim as unsupported by the evidence and defendants appeal the denial of attorney's fees as an abuse of discretion. We find it unnecessary to reach the merits of the appeal, because we conclude that the District Court lacked subject matter jurisdiction over this case.

## I

■ Neither party to the appeal has questioned the jurisdiction of the District Court. Nevertheless, it is this court's duty to see to it that the District Court's jurisdiction, defined and limited by statute, is not exceeded. *City of Kenosha v. Bruno,* 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973).

## II

■ ERISA contains its own jurisdictional provisions: "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." 29 U.S.C. § 1132(e)(1). Subsection (a)(1)(B) provides that: "A civil action may be brought by a participant [in] or beneficiary ... [of a] plan." Thus, to bring a suit in federal court under ERISA subsection (a)(1)(B), one must be a participant in or beneficiary of a plan. Subsection 1002(7) defines "participant" as an employee or former employee "who is or may become eligible to receive a benefit of any type from an employee benefit plan ...." The issue, therefore, is whether Freeman is a "participant." In other words, whether he "is or may become eligible to receive a benefit ...."

The Fifth Circuit has held that ERISA's "may become eligible" language defining who is a participant applies only to current employees. *Nugent v. Jesuit High Sch. for New Orleans,* 625 F.2d 1285, 1287 (5th Cir. 1980). Current employees are properly participants because ERISA requires that, on meeting certain requirements, they be made eligible to enroll in plans. 29 U.S.C. § 1052(a)(1)(A). Thus, they are or may become eligible to receive a benefit under a plan.

■ Freeman, however, was not at the time of filing the action, nor is he now a current employee. No contributions were made into the defendant plan on his behalf. Nothing Freeman can do will make him eligible for a benefit, since he is no longer employed by the defendants. *See Weiss v. Sheet Metal Workers Local No. 544 Pension Trust,* 719 F.2d 302 at 303 (9th Cir.1983) (per curiam). What Freeman seeks is a declaration that his waiver was invalid. Even if Freeman were to win his claim, however, he would not become a "participant." If anything, he would receive specific damages equal to a benefit share under a plan. In other words, Freeman would receive as damages what a participant

---

* The Honorable Samuel P. King, Chief United States District Judge for the District of Hawaii, sitting by designation.

would receive as a benefit under the plan. *See generally* 3 Restatement (Second) of Torts §§ 549 (measure of damages for fraudulent misrepresentation) and 552B (damages for negligent misrepresentation) (1977). He would not, however, become enrolled in the plan and become a participant.

Freeman urges that if this Court finds his waiver invalid then he is a participant in the defendant plan and is therefore a proper person to bring suit in federal court. The other side of that coin, of course, is that if we were to affirm the District Court's finding that Freeman's waiver was valid then he is not a participant, and without the status of participant or current employee, he could not bring his claim in federal court. Thus, under Freeman's analysis, the District Court had jurisdiction to find in his favor but not against him.

The fastest way out of this jurisdictional conundrum is to analyze what is at the root of Freeman's claim, namely, fraud. The very thrust of Freeman's claim is that he did not participate in the plan because he was misled as to the cost of participation. Yet, for whatever reason, he did not in fact participate. This court cannot rewrite history and declare that he did participate. At most, this court, or any court for that matter, could award Freeman the damages caused by the alleged fraud. This is different from awarding him a "benefit under a plan." If it were not, then any plaintiff who could argue a colorable claim would be a participant, since a victorious law suit would award them a "benefit." We do not feel Congress intended to open the door to this kind of plaintiff when ERISA's jurisdictional provisions were drafted.

Since this claim was not brought by a participant in a plan or a current employee, the District Court lacked jurisdiction under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(1).

### III

Regardless of Freeman's status as a nonparticipant, ERISA cannot confer jurisdiction over his particular claim. All of the material facts that gave rise to Freeman's claim occurred in 1971. By its terms, ERISA does not apply to "any act or omission which occurred before January 1, 1975." 29 U.S.C. § 1144(b)(1). Thus, Freeman's claim would not seem to be properly raised under ERISA.

Freeman may argue that the alleged fraud on him was a continuing one that was renewed each year that he was not truthfully appraised of the actual cost of his involvement in the plan. Thus, he may argue, that ERISA applies to his nonparticipation in the plan from 1975 to 1978, after ERISA became effective.

This argument is meritless. Freeman alleges that all the statements that induced his nonparticipation were made in 1971. The legislative intent behind subsection 1144(b)(1) was "to prevent past conduct of pension plan fiduciaries ... from being judged retroactively under the standards established by ERISA simply because the conduct generates consequences subsequent to the ERISA effective date ...." *Quinn v. Country Club Soda Co.,* 639 F.2d 838, 840–41 (1st Cir.1981). *Accord, Grimes v. Operative Plasterers' & Cement Masons Int'l Assoc. of U.S. & Canada,* 640 F.2d 1066, 1068 (9th Cir.1981); *Martin v. Bankers Trust Co.,* 565 F.2d 1276, 1278 (4th Cir. 1977). Events occurring before ERISA was passed should not call post-ERISA law into play. Thus, disputed waiver cases similar to this one have held that plaintiffs cannot rely on post-ERISA effects to establish ERISA claims, where the critical acts constituting and surrounding their waivers occurred before ERISA came into effect. *Coward v. Colgate-Palmolive Co.,* 686 F.2d 1230, 1233 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1526, 75 L.Ed.2d 948 (1983). By comparison, where the "substantial acts contributing to the cause of action" occurred after ERISA's effective date, ERISA could be properly applied. *Lafferty v. Solar Turbines Int'l,* 666 F.2d 408, 410 (9th Cir.1982) (per curiam).

All of the facts fundamental to Freeman's claim occurred in 1971. This is not a case in which substantial facts occurred after ERISA's effective date. ERISA, there-

fore, is not a proper basis for this claim. Since no federal statute is involved, and since no other federal questions have been raised, the District Court lacked jurisdiction under 28 U.S.C. § 1331.

### IV

Plaintiff and defendants are Californians. Accordingly, there is no diversity jurisdiction under 28 U.S.C. § 1332.

### V

There being no ERISA, general federal question, or diversity jurisdiction, we conclude that the District Court lacked jurisdiction over this case. Accordingly, we vacate the District Court's decision and remand with instructions to dismiss for want of subject matter jurisdiction.

VACATED AND REMANDED.