Wilson M. YANCY

v.

AMERICAN PETROFINA, INC.

Civ. A. No. B–84–29–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 21, 1984.

M. Diane Dwight, Provost, Umphrey, McPherson & Swearingen, Port Arthur, Tex., for plaintiff.

Donald E. Godwin, James S. Maxwell and Howard W. Walker, Maxwell, Godwin & Carlton, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

The plaintiff in this cause, Wilson Yancy, has brought suit against American Petrofina (FINA) alleging that FINA unlawfully altered an employee retirement plan in violation of the Employment Retirement Security Act of 1974, 29 U.S.C. Sec. 1001 *et seq.* (1976) (ERISA). Specifically, Yancy claims that FINA's alteration of the interest rates used to compute the retirement plan's lump-sum benefit option forced him to retire years before he would have otherwise ceased working. Yancy seeks monetary damages and an injunction prohibiting the change.

This suit seems to be a novel cause of action, and not surprisingly, FINA has moved for summary judgment. Oral hearing was held on the motion on August 31, 1984, and both parties submitted briefs. After a careful review of the briefs, the evidence presented, and the arguments of counsel, the Court is convinced that Yancy cannot recover under ERISA as a matter of law because he was not a participant in the retirement plan at the time FINA modified the plan. Moreover, the Court believes that, as a matter of law, Yancy was never denied any retirement benefits under the plan. Accordingly, summary judgment will be entered for defendant FINA and against plaintiff Yancy.

### I. THE FACTS

Wilson Yancy was employed as a welder at a Port Arthur, Texas, refinery for twenty-four years. Throughout this period, Yancy participated in a retirement benefits program, which eventually became the "Amdel Inc. Non-Contributory Retirement Plan" (the Plan). Since 1977, the Plan had contained a "lump sum" retirement option, a provision that allowed FINA employees to take their entire retirement benefits in a single payment at the time of their retirement. The lump-sum payment was computed by the use of several factors, the most important of which was a seven per-

cent constant interest rate assumption, in use since 1977.

On January 23, 1982, the Plan administrators sent a letter to all Plan participants, including Yancy, which stated that the interest rate factor would be modified effective April 1, 1982. The modification would reflect the interest rate increase since 1977. This adjustment, as the FINA management recognized, would have the effect of substantially reducing the lump-sum benefit.

Before this letter was sent, however, and before the change came into effect, Yancy was considering retirement. In November, 1981, he requested a determination from the plan administrators of what his pension benefits would be if he took early retirement. Later, Yancy received a report containing the information, including the figure he would be entitled to under the as-yet-unchanged lump sum program. The report was based on a termination date of February 28, 1982. On March 1, 1982 Yancy did take the option to retire early, and elected to take a lump sum payment. On January 27, 1982, he signed the appropriate retirement form, and terminated his work at FINA at the end of February of that year. On March 1st, he received a lump sum payment of $66,942.00.

Yancy, however, was not through with FINA and its retirement plan. On the retirement form he signed, Yancy had written three times the words "under protest." This prompted a FINA investigation, which revealed · that Yancy felt he was being forced to retire because of the change in the lump sum benefits. The company sent Yancy a letter explaining that the decision to retire was a voluntary one on his part, and that economic changes forced FINA to make the interest rate adjustment. Nothing further happened until after Yancy's retirement. On May 25, 1983, over a year after Yancy retired, he filed a claim with the plan's retirement committee. In the claim, Yancy set forth that FINA's adjustment of the interest rate had breached the terms of the plan, forcing his retirement and causing an income loss of $300,000. The retirement committee denied the claim,

and Yancy brought this suit in federal court.

## II. THE ISSUES PRESENTED

As in almost every ERISA suit, the complexity of issues can confuse the determination of the legal claim. For clarity's sake, the Court will recap the issues as they appear to it. Yancy alleges that he was forced to retire when FINA announced the interest rate change for the retirement plan. This, he says, resulted in his not receiving full credit for his contribution to the retirement plan. Moreover, he claims that the modification violated the terms of the plan, which in itself is an ERISA violation.

FINA contends that none of Yancy's allegations give rise to any genuine issue because:

(1) Yancy retired before the adjustment took effect, and he received all the benefits due him in a lump sum at the time of his retirement. As a matter of law, then, Yancy is no longer a participant or beneficiary under ERISA, and has no standing to sue.

(2) Assuming that there was standing, Yancy's claim is still meritless under ERISA, because the claim would be for the loss of future income—not retirement benefits.

This Court agrees with FINA, and its reasoning follows.

## III. DISCUSSION

STANDING: *Is Yancy a participant or beneficiary?*

Pursuant to 29 U.S.C. § 1132(a)(1)(B), a civil action under ERISA may be brought by a participant or beneficiary to recover benefits under a retirement plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the plan. The term participant (and *inter alia* beneficiary) is stated in the ERISA statute to include any employee or former employee of an organization *who is or may be eligible* to receive a benefit under a plan. *See* 29 U.S.C. § 1002(7).

In *Nugent v. Jesuit High School of New Orleans*, 625 F.2d 1285 (5th Cir.1980), a case relied upon by both plaintiff and defendant, the Fifth Circuit interpreted the phrase "who is or may become eligible" and held it applied to two categories of employees. First, it could apply to a former employee who has accumulated vested benefits, but is not yet entitled to those benefits because they have not reached retirement age. Second, the language could apply to current employees. *Id.* at 1287. While *Nugent* dealt with the question of who had the right to request benefit information under ERISA, its language can give this Court direction. It seems clear that it does not allow Yancy to be deemed a participant. Yancy, of course, is not a current employee. Neither can this Court regard Yancy as a former employee who is yet to receive benefits. When Yancy retired on March 1, 1982, he received in lump sum form all the vested benefits that were due him under the plan.

While there is a scarcity of case law, and the facts of *Nugent* are dissimilar, logic supports the view that Yancy should not be deemed a participant. By limiting the term "participant" to the area prescribed by *Nugent*, a cognizable class is created. The status of a current employee is easily ascertained, fulfilling the "who is" eligible requirement. Yancy retired a month before the rate changed. Therefore, he was not a current employee. The test of "who may be eligible" is also concrete: It can only be a former employee with a non-forfeitable definite sum due him. Yancy's claim is for sums not yet earned, but perhaps capable of being earned. He does not take into account the fact that he might have died, that the plant might have closed, or any other possibility that might have kept him from working in the future. In sum, Yancy's claim is so incapable of determination that it could not be included in the area that Congress intended to cover by the "who may be eligible" language. Yancy's claim is simply not one for a vested right, and thus he lacks standing on that basis also.[1]

## CAN YANCY ALLEGE THERE HAS BEEN A BREACH OF A FIDUCIARY DUTY?

█ Yancy has also alleged that FINA, under the terms of ERISA, is a fiduciary in respect to its retirement plan, and as such, it is required to discharge its duties with respect to the plan solely in the interest of the participant and beneficiaries. FINA, Yancy claims, breached this duty when it changed the lump sum factors, since the intent was to reduce its contribution to the plan, and divert the saved funds to its own corporate purposes. *See* 29 U.S.C. § 1109.

Pursuant to 29 U.S.C. § 1132(a)(2), this sort of claim can be brought not only by a participant or beneficiary, but also by the Secretary of Labor or a fiduciary. The Court has found that Yancy is not a participant or beneficiary; and of course, he is not the Secretary of Labor. Yancy claims, however, that he is a fiduciary. The Court must reject this argument. 29 U.S.C. § 1002(21)(A) provides that a fiduciary is one who exercises discretionary authority, control, or responsibility respecting the management or administration of the plan, or one who tenders investment advice for the plan. None of these categories include Yancy, who spent his time at FINA as a welder. He cannot bring suit as a fiduciary.

---

1. The *Nugent* opinion's reasoning seems to be grounded on the legislative history of ERISA, which indicates that one of the primary purposes of the Act was to guarantee to former employees the payment of their vested, non-forfeitable benefits from their former employers. Thus, while *Nugent* turned on the narrow question of who had to request information, the underlying policy it relied on is applicable to the instant cause. *See e.g.* House Comm. on Education and Labor, Employee Retirement Income Security Act of 1974, H.R.Rep. No. 93–533, 93rd Cong. 2d Sess. *reprinted in* 1974 U.S. Code Cong. and Ad.News 4339, 4643, 4644. The *Nugent* court also found it significant that the agencies administering ERISA "do not regard a nonvested former employee as a 'participant'". *Nugent*, 625 F.2d at 1288 n. 9. It is well-established that the interpretation of a statute by the agency charged with administration of that statute is entitled to great deference. *Yarbro v. C.I.R.*, 737 F.2d 479 (5th Cir.1984).

## DOES YANCY HAVE A CAUSE OF ACTION?

■ If the Court is incorrect in believing that Yancy has no standing, then as an alternative basis for summary judgment, the Court believes that Yancy has not made out a cognizable claim under ERISA. To recover in this lawsuit, this Court believes, Yancy must prove up a loss of benefits. Over a year after his retirement, Yancy made a claim before the Plan's retirement committee. In his letter to the committee, Yancy stated that the adjustment in the interest factors led to his forced retirement and an "income loss" of $300,000.00. As noted above, the claim was denied.

It is Yancy's claim letter that illustrates why he has no cause of action. Yancy refers in the letter to his "income loss." An alleged income loss on the basis of future earnings, this Court believes, does not constitute a loss of benefits under ERISA. An examination of 29 U.S.C. § 1002, the definitions section of ERISA, reveals that the term "benefits" in the statute was meant to encompass normal retirement payments made under the terms of a pension plan. See 29 U.S.C. § 1002(22–23). Yancy received all his "benefits" under the plan in the lump sum payment made at the time of his retirement. No more were due him, and thus he could not make a claim for them. Any other reading of the term "benefits" under ERISA would replace a determinable and finite meaning with one that would allow the word "benefits" to fit almost every claim. This could not be what Congress meant in enacting ERISA. In *Paris v. Profit Sharing Plan, Etc.*, 637 F.2d 357 (5th Cir.1981), the Court held that a cause of action under ERISA accrues when a claim for benefits has been denied. Since Yancy has not sought lost benefits, he has not made a claim for them, nor been denied them. Thus, he has no cause of action. See also *Reiherzer v. Shannon*, 581 F.2d 1266, 1271–72 (7th Cir.1978).

## WHY SUMMARY JUDGMENT IS APPROPRIATE HERE

At the oral hearing and in his post-trial briefs, Yancy has strenuously argued that since this is a novel question in an area in which there is a developing case law, there is a need to develop a record and conduct a full trial. Otherwise, Yancy argues, the Court will have "jumped to a decision."

Yet summary judgment is uniquely appropriate here. Trial on this cause would be conducted non-jury.[2] In the absence of a genuine need to assess witness credibility or demeanor, the decision of issues which would otherwise go to the jury is appropriate on a summary judgment motion when a trial is to the Court. See *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123–24 (5th Cir.1978). See also Schwarzer *Summary Judgment Under the Federal Rules: Defining Issues of Material Fact*, 99 F.R.D. 465 (1984). Of course, the overall standard for summary judgment is that there be no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *McKee v. McDonnell Douglas Technical Services Co.*, 700 F.2d 260, 263 (5th Cir.1983).

The Court does not believe that there is a need to consider witness credibility or demeanor in this case. Yancy's counsel has stated that Yancy's testimony would establish the truth of his claim that he was forced to retire. Yet that proves nothing. The Court's resolution here turns on matters of law, and not on Yancy's state of mind. It should end here. As a matter of law this Court holds that Yancy has no standing to sue under ERISA, and that he has asserted no cognizable cause of action under that statute. It is therefore

ORDERED, ADJUDGED AND DECREED that Plaintiff WILSON YANCY's case be dismissed, that Defendant, AMERICAN PETROFINA's motion for summary judgment is hereby GRANTED, and that summary judgment is hereby entered for

---

**2.** Plaintiff originally had made a jury demand in this cause. On motion of the Defendant to strike the demand, which the Plaintiff did not respond to and which was based on sound law, the Court struck the demand.

the Defendant pursuant to Fed.Rule Civ.P. 56(b).