**Richard E. LOECHL and William J. Fagerstrom, Plaintiffs,**

v.

**ILLINOIS BELL TELEPHONE CO., An Illinois Corporation, and Certain of Its Agents and Employees Named Herein, Defendants.**

**No. 86 C 4200.**

United States District Court, N.D. Illinois, E.D.

Oct. 29, 1986.

Sharon Brennan O'Neil, J. Timothy Loats, Aurora, Ill., for plaintiffs.

Georgia J. Reithal, Lincoln V. Janus, Edward Butts, Illinois Bell Telephone Co., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

■ Plaintiffs Richard Loechl and William Fagerstrom filed suit against their former employer, Illinois Bell Telephone Company ("Bell"), alleging that Bell and its agents made false representations regarding the future existence of a voluntary separation plan which would have entitled Loechl and Fagerstrom to a severance payment of seventy-five percent of their annual salaries upon their early retirement. Bell has filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, based principally on its contention that the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (1982 & Supp. III 1985) ("ERISA"), preempts any misrepresentation claim the plaintiffs might have, and that the facts alleged in the complaint do not state a claim for any statutory violation of ERISA. We do not reach the issues raised by Bell because we hold that this Court lacks subject matter jurisdiction over the plaintiffs' claims because the plaintiffs do not have standing to sue under ERISA. Accordingly, there is no federal questions jurisdiction and the cause is dismissed.[1]

The plaintiffs are both former employees of Bell and first began working for Bell in 1948.[2] During 1982, qualifying Bell employees were offered an early retirement incentive program called the Management Income Protection Plan ("MIPP"). The plaintiffs characterize this as a "one-time offer," although they allege that it was offered every year or year and a half thereafter, albeit with varying terms. They did not qualify under any of the MIPP offers prior to February 1985, but anticipated that they would eventually be offered a plan which would entitle them to a severance payment upon their early retirement. However, on February 8, 1985, an informational bulletin published by Bell indicated that the MIPP program was forever terminated. Fagerstrom requested a letter confirming that no supplemental early retirement plan would be offered to retirees in 1985, and a Bell employee confirmed orally that there would be none and that a written confirmation would be unnecessary. In April 1985, Fagerstrom asked another Bell employee if any supplemental income program for early retirees would be offered and once again was informed that there would be none. Loechl had knowledge of Fagerstrom's inquiries and the negative responses thereto.

Relying on the Bell employees' representations, Loechl and Fagerstrom were induced to retire on May 5, 1985, and May 7, 1985, respectively. According to the plaintiffs, the representations regarding no new early retirement plans were false, and a new early retirement incentive program known as the Voluntary Separation Plan ("VSP") was offered to qualifying management personnel on November 7, 1985. Plaintiffs allege that the VSP was the same type of early retirement incentive program as MIPP. Under VSP, early retirees were eligible to receive seventy-five percent of their annual salary upon retirement. Both Loechl and Fagerstrom would have qualified under the VSP had they not retired before the program took effect. They allege that the voluntary statements made by Bell's employees regarding the unavailability of early retirement benefit plans in the remainder of 1985 were made with the knowledge that they were false, with reckless disregard for their falsity or

---

**1.** This Court has authority to address the question of subject matter jurisdiction sua sponte at any time during the course of a civil proceeding. 5 C Wright & A. Miller, *Federal Practice and Procedure* § 1350 (1969). Accordingly, we can dismiss this case on our own motion for the reasons stated in the body of this opinion.

**2.** For the purposes of our discussions of subject matter jurisdiction only, we accept as true the well-pleaded and uncontroverted factual allegations in the plaintiffs' complaint. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350 (1969).

with negligence. They seek damages in amounts equivalent to seventy-five percent of their annual salaries at the time of their retirements.

■ Plaintiffs have asserted federal jurisdiction under 29 U.S.C. § 1132(e) (1982), which provides that a civil enforcement action under ERISA may be brought in federal district court.[3] However, as § 1132(e) states, the action must be brought by a "participant, beneficiary, or fiduciary." *See also* 29 U.S.C. § 1132(a) (1982). It is clear that Loechl and Fagerstrom are neither beneficiaries nor fiduciaries under ERISA.[4] "Participant" is defined at 29 U.S.C. § 1002(7) (1982) as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." Furthermore, under judicial interpretations of the definition of "participant," former employees who were not eligible to be covered by an employee benefit plan at the time of their departure from the employer company are not considered participants within the meaning of § 1002(7). *See Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654, 655–56 (9th Cir.1983).

■ In *Freeman*, a former employee made a claim similar to the one raised herein by Loechl and Fagerstrom. An employee benefit plan was offered by Freeman's employer, but he signed a formal waiver of participation in the plan, allegedly because of the employer's misrepresentation regarding the cost of partic-

ipation. The Ninth Circuit rejected Freeman's contention that he was a "participant" within the meaning of § 1002(7). The court noted that Freeman was not an employee at the time he filed his suit and that he had made no contribution to the plan during his period of employment. *Id.* at 655. Furthermore, although the definition of "participant" includes those who are "former employees," the court acknowledged that at least one other circuit court had interpreted the language "or may become eligible" to apply only to current employees. *Id.* at 655 (*citing Nugent v. Jesuit High School for New Orleans*, 625 F.2d 1285, 1287 (5th Cir.1980)). Thus, the term "participant" encompasses current employees who are or may become eligible for benefits under a plan and former employees who *are* eligible for benefits under a plan. *See Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.1986). The court in *Freeman* noted that

> [w]hat Freeman seeks is a declaration that his waiver was invalid. Even if Freeman were to win his claim, however, he would not become a "participant." If anything, he would receive specific damages equal to a benefit share under a plan. In other words, Freeman would receive as damages what a participant would receive as a benefit under the plan.... He would not, however, become enrolled in the plan and become a participant.

*Freeman*, 721 F.2d at 655–56. In the same sense, what Loechl and Fagerstrom seek in the present action is a damage award equivalent to what they would have received had they been eligible for severance payment under VSP. They are no longer

---

**3.** That provision states in pertinent part:

> (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

**4.** A beneficiary is defined at 29 U.S.C. § 1002(8) (1982) as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." A fiduciary under ERISA is a person who has some authority with respect to controlling, managing or rendering investment advice to the plan. 29 U.S.C. § 1002(21)(A) (1982).

Bell employees, and they cannot retroactively become eligible for a plan under which they do not qualify. Accordingly, any action they might have against Bell or the Bell employees who allegedly made the misrepresentations regarding the unavailability of a benefit plan must lie at common law. The *Freeman* court was confined by the fact that it could at most "award Freeman the damages caused by the alleged fraud. This is different from awarding him a 'benefit under a plan.'" *Id.* at 656.

Because we conclude from our analysis that the plaintiffs have no standing to maintain a suit under ERISA for the alleged conduct of the defendants, we need not reach the question of whether ERISA preempts all state law causes of action for misrepresentation. However, since the Court has no subject matter jurisdiction over the plaintiffs' claim, we could not conclude that ERISA preempts a state law cause of action for persons ERISA was not intended to protect. The plaintiffs' complaint is hereby dismissed for lack of subject matter jurisdiction. It is so ordered.