Carl SEARCY, et al., Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 728 PENSION TRUST FUND and Atlantic Electric Contractors, Inc., a Florida corporation, Defendants.

No. 87–6204–CIV.

United States District Court, S.D. Florida, N.D.

May 9, 1988.

Richard Haas, Pompano Beach, Fla., for plaintiffs.

Barry Lerner, Kaplan, Sicking & Bloom, P.A., Miami, Fla., for defendants.

**AMENDED ORDER**

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by defendant International Brotherhood of Electrical Workers, Local 728 Pension Trust Fund (hereinafter "Trust"). The Trust moves to dismiss on the ground that plaintiffs are neither participants nor beneficiaries under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

Plaintiffs' Second Amended Complaint seeks damages and equitable relief from the Trust for nonpayment of pension funds

to which plaintiffs claim they are entitled. The alleged entitlement to the funds arises out of a collective bargaining agreement between Local Union 728 and defendant Atlantic Electric Contractors, Inc. ("Atlantic Corporation").

Under the collective bargaining agreement, Atlantic Corporation was obligated to pay fringe benefits to several trust funds, including the defendant trust fund. However, as plaintiffs admit in their Second Amended Complaint, under the explicit terms of the pension plan administered by the defendant Trust, only inside wiremen were covered and entitled to pension benefits; individuals such as plaintiffs who were employed as linemen were not covered.

Plaintiffs nevertheless allege that Atlantic Corporation made fringe benefit payments to the Trust for the purpose of providing pension coverage for the plaintiffs and other linemen. Despite their acknowledgement that the plan did not include them, plaintiffs contend that they are entitled to receive benefits from the Trust. Plaintiffs seek the imposition of a resulting trust in their favor, a declaration that they are entitled to collect benefits, and damages for the Trust's alleged failure to furnish them with a summary plan description as required under ERISA.

The Trust moves to dismiss on the ground that this court lacks jurisdiction to hear this matter, as plaintiffs are not persons defined under 29 U.S.C. § 1132 empowered to bring this action. Under § 1132, a civil action may be brought by a participant, beneficiary, fiduciary, or the Secretary of Labor. Defendant Trust contends that the plaintiffs have not shown that they are participants entitled to bring this action.

■ A "participant" is "any employee or former employee ... who is or may become eligible to receive a benefit of any type of an employee benefit plan." 29 U.S.C. § 1002(7). Plaintiffs' Second Amended Complaint fails to allege that plaintiffs have any vested pension rights. In fact, plaintiffs admit that they are not covered under the terms of the plan. Furthermore, plaintiffs fail to allege that they are *current* employees who "may become eligible" for benefits in the future. *See Nugent v. Jesuit High School of New Orleans*, 625 F.2d 1285 (5th Cir.1980) (only current employees who may be eligible to receive benefits may be considered "participants"). Plaintiffs' lack of "participant" status deprives this court of subject matter jurisdiction. *Nugent*, 625 F.2d at 1286 n. 3; 29 U.S.C. § 1132.

■ Plaintiffs' complaint alleges that even though plaintiffs are not covered by the pension plan, this court may exercise its equitable powers to fashion a resulting trust on behalf of plaintiffs and other linemen who are not entitled to benefits under the plan. The crux of the complaint is that the Trust was unjustly enriched by the payments made on plaintiffs' behalf by Atlantic Corporation.

While it is true that the beneficiary or participant of an ERISA plan may bring a civil action to obtain "appropriate equitable relief," 29 U.S.C. § 1132(a)(3)(B), this court may not create new equitable rights which "would override a contractual provision in a pension plan." *Cummings by Techmeier v. Briggs & Stratton*, 797 F.2d 383, 390 (7th Cir.1986) *cert. denied,* — U.S. —, 107 S.Ct. 648, 93 L.Ed.2d 703 (1987). In *Cummings,* the minor daughter of a deceased participant of a pension plan filed suit to recover benefits. The plan lacked an automatic survivorship feature and specifically required participants to elect a payment option which would include payment to a surviving spouse or beneficiary. Depsite agreeing in a divorce decree to make such an election on behalf of his minor daughter, the participant failed to do so and upon his death the daughter received no benefits from the plan.

The daughter sought equitable relief alleging that the plan would be unjustly enriched if it did not pay benefits to her. The court rejected that argument. Due to the express contract between the decedent and the plan, the daughter owned no property which was being illegally retained by the pension fund.

The present case is similar to the situation presented in *Cummings*. As stated in plaintiffs' second amended complaint, the contract between the union and plaintiffs' employer did not include linemen. Therefore, this court is powerless to grant to the plaintiffs benefits to which they are not entitled. In light of ther foregoing discussion, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss Plaintiffs' Second Amended Complaint of the defendant Trust be and the same is GRANTED. All claims against defendant International Brotherhood of Electrical Workers, Local 728 Pension Trust Fund shall be DISMISSED for lack of subject matter jurisdiction.