990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. SMITH, Plaintiff,
v.
MOTHERLODE PLASTICS, INC.; Defendant-Appellant,
Continental Life & Accident Company, Inc., Defendant-Appellee.
 No. 91-16492.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1993.
Decided March 24, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant/Appellant Motherlode Plastics, Inc. appeals the district court's dismissal for lack of subject matter jurisdiction of former Motherlode Plastic employee Richard E. Smith's action for medical benefits under the Employee Retirement Income Security Benefits Act (ERISA), 29 U.S.C. § 1001, et seq. ERISA jurisdiction had been invoked by the existence of a medical benefits plan allegedly issued to Smith by Continental Life and Accident Company, Inc. (Continental) through Motherlode Plastics. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.
 
 DISCUSSION
 
 3
 "The existence of subject matter jurisdiction presents a question of law reviewable de novo." Millers Nat'l Ins. Co. v. Axel's Express, Inc., 851 F.2d 267, 269 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989). A district court's findings of fact are reviewed under the clearly erroneous standard. Fed.R.Civ.P. 52(a); Krusco v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 In civil cases, subject matter jurisdiction is conferred upon federal district courts through diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. There is no diversity jurisdiction under § 1332 because Smith and Motherlode Plastics are California citizens. The sole federal question in Smith's complaint arises from medical benefit claims under ERISA, 29 U.S.C. § 1001, et seq. (1986), which preempts state claims relating to an employee benefit plan, 29 U.S.C. § 1144(a); see also Scott v. Gulf Oil Corp., 754 F.2d 1499, 1501 (9th Cir.1985).
 
 
 5
 Although both Continental and Motherlode Plastics are proper ERISA defendants, see 29 U.S.C. §§ 1109, 1132(a)(1)(B), 1132(a)(2), Smith lacks standing as an ERISA plaintiff. To bring a suit in federal court under the terms of §§ 1132(a)(1)(b) and 1132(a)(2), the plaintiff must be a participant in, or beneficiary of a plan. See Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc., 721 F.2d 654, 655 (9th Cir.1983). A "participant" is defined as an employee or former employee "who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7)[1]; see also Freeman, 721 F.2d at 655. A former employee, like Smith, is "eligible to receive a benefit" if he has (1) " 'a reasonable expectation of returning to covered employment' " or (2) " 'a colorable claim' to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989) (quoting Kuntz v. Reese, 785 F.2d 1410, 1411 (9th Cir.), cert. denied, 479 U.S. 916 (1986)).
 
 
 6
 Here, Smith does not have a reasonable expectation of returning to covered employment because of his physical infirmity and does not have a colorable claim to vested benefits in the Continental plan because he was not enrolled.
 
 
 7
 Motherlode Plastics argues, without authority, that the district court's factual finding that Smith was not enrolled in the Continental plan was clearly erroneous because it assumes that Continental's receipt of the enrollment card is the same as enrollment and leaves enrollment subject to the vagaries of the United States Postal Service, the mishandling by Continental, or clerical error (for which there is a remedy under the terms of the agreement between Motherlode Plastics and Continental). However, ERISA considers only whether the employee was a participant, not the reasons he might not have been a participant. For example, in Freeman, the fact that the plaintiff was fraudulently misled by the company into waiving his right to participate in the plan was irrelevant to whether he was a participant within the meaning of ERISA. 721 F.2d at 655-56. That court found that the plaintiff, who was not an employee at the time of filing, was not a participant because "[n]o contributions were made into the defendant plan on his behalf" and "[n]othing Freeman can do will make him eligible for a benefit, since he is no longer employed by the defendants." Id. at 655.
 
 
 8
 Likewise, in the present case, Smith was not an employee at the time of the filing, no contributions were made into the Continental plan on his behalf, and nothing he can do will make him eligible for a benefit because he is no longer employed and is unlikely to be employed by Motherlode Plastics. Motherlode Plastics had an opportunity to present evidence, but failed to convince the district court that Smith was enrolled in the plan.
 
 
 9
 Moreover, damages for breach of fiduciary duty could not be considered "benefits from the plan" as contemplated by § 1002(7) "[b]ecause, if successful, the plaintiffs' claim would result in a damage award, not in an increase of vested benefits." Kuntz, 785 F.2d at 1411; but see Amalgameted Clothing & Textile Workers Union v. Murdock, 861 F.2d 1406, 1418 (9th Cir.1988) (limited exception to Kuntz where plaintiff seeks to impose a constructive trust on fiduciary's ill-gotten profits). In the present case, Smith's claim, if he has one, is one for damages against the employer for not enrolling him, or one for damages against the trustee for not following through to obtain the benefit, or perhaps both. In neither case, however, has he a remedy under ERISA.
 
 
 10
 We hold that ERISA was not properly implicated under the facts of the case and, therefore, the district court properly determined that it lacked subject matter jurisdiction. Accordingly, we cannot consider Motherlode Plastics' statute of limitations argument.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 29 U.S.C. § 1002(7) provides:
 The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.