**Morris WEISS, Plaintiff-Appellant,**

v.

**SHEET METAL WORKERS LOCAL NO. 544 PENSION TRUST, et al., Defendants-Appellees.**

No. 82–3056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 3, 1983.

Decided Oct. 25, 1983.

Rehearing Denied Dec. 23, 1983.

Morris Weiss, Portland, Or., for plaintiff-appellant.

James W. Kasameyer, Carney, Probst & Cornelius, Portland, Or., for defendants-appellees.

Before FERGUSON, BOOCHEVER and NORRIS, Circuit Judges.

PER CURIAM:

Appellant, a *pro se* litigant, claims that he has been unfairly denied access to information about his pension status held by the administrators of the Pension Trust of the Sheet Metal Workers Local No. 544 ("Trust"). Appellant is a retired laborer who worked sporadically as a member of the Sheet Metal Workers Union from 1961 to 1977. He does not in this action claim

entitlement to a pension; nor does he make a credible showing that he satisfied minimum vesting requirements during his employment, or that there is any significant probability that he will be reemployed. The district court held that appellant is not a "participant" within the meaning of the Employee Retirement Income Security Program Act ("Act"), 29 U.S.C. § 1002(7), and therefore is not entitled to information under 29 U.S.C. § 1025. We affirm.

■ Section 1025 of the Act provides that

each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating

(1) the total benefits accrued; and

(2) the nonforfeitable pension benefits, if any, which have accrued . . .

Section 1002(7) defines "participant" as "any employee or former employee . . . who *is or may become eligible* to receive a benefit of any type from an employee benefit plan . . ." (emphasis added). Quite clearly, therefore, Weiss may have access to pension information under § 1025 only if he can show that he is a former employee who "is or may become eligible" for some type of pension benefit.

In *Nugent v. Jesuit High School,* 625 F.2d 1285 (5th Cir.1980), the Fifth Circuit held that a former employee who was not entitled to a pension because his pension rights had not vested is not a "participant" within the purview of the Act. Finding that Congress did not intend to subject pension fund administrators to the burdens and expense of maintaining pension information for employees unable to make any claim for pension benefits, the Fifth Circuit interpreted the "may become eligible" language of § 1002(7) as applicable only to current, not to former, employees. *Id.* at 1287–89. In deciding the case before us, we need not go as far as *Nugent* in holding that the "may become eligible" language of § 1002(7) is restricted to current employees.[1] We leave

---

1. Nor need we decide how much of a showing a petitioner claiming that he is a former vested employee must make before gaining access to pension information. Weiss makes no showing

open the question whether a former employee may qualify as a "participant" by making a showing that he "may become eligible" because there is a significant probability he may return to work and satisfy vesting requirements in the future. All we decide in this case is that Weiss does not qualify as a "participant" because he is a former employee who has made no credible showing that he is vested and because he does not claim that he will return to work. We thus hold that he is not entitled to access to pension information under § 1025.[2]

 Weiss's other claims are without merit. His claim that the trial judge was biased because he had received general endorsements and contributions from some labor unions during his 1972 and 1976 campaigns for state office is dismissed because it was not timely raised. Weiss has shown neither good cause why he did not file an affidavit requesting the trial judge to recuse himself under 28 U.S.C. § 144, *see United States v. Sibla,* 624 F.2d 864, 867 (9th Cir.1980) ("Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit"), nor exceptional circumstances why we should consider for the first time on appeal whether the trial judge should have disqualified himself under 28 U.S.C. § 455. *See United States v. Conforte,* 624 F.2d 869, 879 (9th Cir.1980) (no exceptional circumstances shown where appellant did not demonstrate that "evidence could not have been discovered with due diligence at a time early enough to form the basis for a timely motion at or before trial"). Even were we to reach the merits, Weiss has not shown that it was plain error for the trial judge not to disqualify himself. *United States v. Schreiber,* 599 F.2d 534 (3d Cir.1979) (adopting plain error test to govern claim that trial judge should have disqualified himself when claim was raised for first time on

appeal). Weiss's other claims—that the district court should have imposed sanctions for the Trust's alleged failure to comply with discovery orders and that the pretrial order was xeroxed inadequately—are rejected as clearly lacking in merit.

AFFIRMED.

---

that the information he seeks would demonstrate that he was, in fact, vested.

**2.** Our holding is consistent with our decision in *Hernandez v. Southern Nevada Culinary & Bartenders Pension Trust,* 662 F.2d 617 (9th Cir.

1981). There, we held that the widow of an employee who had vested but who had died before he became eligible to receive pension benefits was not entitled to information about her husband's pension benefits under § 1025.