942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Catherine J. MAVY-AMENBERG, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary of the Army, United States
Army, Defendant-Appellee.
 No. 89-16408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Catherine Mavy-Amenberg (Mavy) appeals pro se the district court's order dismissing her action against the Secretary of the Army under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Mavy appears to raise three contentions of district court error: the district court judge erred by (1) dismissing her action for failure to prosecute, (2) denying her motion to appoint counsel, and (3) failing to disqualify himself because he was biased against her. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Dismissal
 
 
 4
 Mavy argues the district court should not have dismissed her case for failure to prosecute because she had health reasons for failing to prosecute her action promptly. In addition, she alleges that the district court and defense attorney were part of a conspiracy which sought to delay and deny her right to pursue her action. We review for abuse of discretion a district court's dismissal of an action for failure to prosecute. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 5
 Under Fed.R.Civ.P. 41(b), an action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Because the sanction of dismissal is such an harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Malone, 833 F.2d at 130.
 
 
 6
 Here, the district court expressly considered each of the Malone factors prior to reaching its decision to dismiss. The court pointed out that the case had been "stagnant for over three years, and if plaintiff's request for yet another continuance is granted, the case threatens to remain on the Court's docket indefinitely."[1] Clearly, Mavy's dilatory conduct "greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule." See Malone, 833 F.2d at 131.
 
 
 7
 There was the additional concern that many of the defendant's witnesses were retired, or about to retire, and had become very difficult to find. Mavy offered no counterbalancing argument in opposition to the defendant's legitimate concerns of prejudice due to the extensive delay occasioned by her numerous requests for continuances. In fact, Mavy admitted that there was no indication that her health condition would improve sufficiently to allow her to got to trial even if the district court granted the one year continuance she sought. Finally, the district court considered several alternatives before employing the severe sanction of dismissal. After pointing out that Mavy's indigence made monetary sanctions pointless and that the court had already employed the less severe sanctions of limiting the number of witnesses Mavy could call at trial and warning her about the possibility of dismissal, the district court offered Mavy the option of having the case submitted on the basis of the extensive administrative record. Only after Mavy vehemently rejected this option both in her supporting documentation and in open court did the district court dismiss the action pursuant to Fed.R.Civ.P. 41(b). Therefore, the district court did not abuse its discretion in dismissing the instant action. See id., 833 F.2d at 132-133.
 
 II
 Appointment of Counsel
 
 8
 Mavy requested appointment of counsel at several different points during the litigation on the instant action. Each motion was based on the same basic complaint, and each time the district court denied her motion on the basis that she failed to demonstrate the requisite level of merit to her claims which would justify the appointment of counsel. We review for abuse of discretion the district court's denial of appointment of counsel. Johnson v. Department of Treasury, No. 89-55834, slip op. 9591, 9602 (9th Cir. July 29, 1991); Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981).
 
 
 9
 The district court may appoint counsel for a Title VII plaintiff in such circumstances as the court deems just. 42 U.S.C. § 2000e-5(f)(1). The district court must assess (1) the plaintiff's financial condition, (2) the plaintiff's efforts to secure counsel, and (3) whether the plaintiff's claims have merit. Bradshaw, 662 F.2d at 1318. Although Mavy appears to have made some effort to obtain counsel and has shown she lacks the financial resources to do so, she has not made a sufficient showing as to the merits of her claims. Mavy's poorly supported allegations of reprisal previously rejected by the trier of fact based on credibility findings and her conclusory allegations of fraud and conspiracy by the Equal Employment Opportunity Commission hearing examiners and court reporters do not suffice to state a meritorious Title VII or ADEA claim. Therefore, the district court did not abuse its discretion by denying Mavy's motion for appointment of counsel. See id.
 
 III
 Disqualification of the District Judge
 
 10
 Mavy argues the district judge should have recused himself pursuant to 28 U.S.C. § 144 because he had a personal bias against her and in favor of the defendant. Mavy based her motion at the district court on assertions that the district judge had previously ruled adversely to her in the instant case because of personal bias and that this bias was evidenced in his treatment of her in his courtroom. We review for abuse of discretion the denial of a recusal motion. Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986).
 
 
 11
 A motion for recusal of a judge pursuant to 28 U.S.C. § 144 will be granted only upon a showing of bias or prejudice from an extrajudicial source. Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988). The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). Here, Mavy's allegations of bias were not extrajudicial because they involved the district judge's performance while presiding over her case and thus could not provide a basis for recusal. See Id., 783 F.2d at 939. Therefore, the district judge did not abuse his discretion by denying Mavy's recusal motion.[2] See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The procedural history of this case is long and complex. The lead case, D.C. No. 86-0139, was filed January 30, 1986. In September, 1986, Mavy filed two related actions, D.C. Nos. 86-1121 and 86-1361, arising out of the same events and against the same defendants. Case No. 86-1361 was dismissed as superfluous or, alternatively, time barred, and Nos. 86-0139 and 86-1121 were consolidated for trial. Over three years elapsed between the time the lead case was filed and July 7, 1989, the date on which the district court dismissed for failure to prosecute. During that time, the district court granted Mavy five continuances, on grounds ranging from extra time needed to prepare to incompetence due to ill health to alleged death threats interfering with her preparation of her case. Mavy failed to comply with district court orders establishing a time schedule for filing her witness disclosure list and contributing to the joint pretrial statement. Following the granting of the fifth continuance on October 14, 1988, the district court scheduled a June 12, 1989 trial date and informed Mavy that no further requests for continuance would be entertained
 On May 5, 1989, the court confirmed the trial date and gave all parties seven days in which to object. On May 15, 1989, Mavy requested a one-year continuance, repeating her assertion that she was incompetent to proceed to trial due to ill health and attaching a copy of a psychiatrist's opinion in support of that claim. On May 26, 1989, Mavy filed an additional request for a 90 day continuance in order to allow potential counsel an opportunity to review the file. Defendants filed a request for dismissal for lack of prosecution or, alternatively, for adjudication on the administrative record. June 6, 1989, the district court issued an order to show cause why Mavy's complaint should not be dismissed because of her dilatory conduct and vacated the trial date. On July 24, 1989, the district court dismissed the action.
 
 
 [2]
 Mavy's unsubstantiated contention on appeal that the district judge was biased because he had at one time been employed by the defendant at the Sacramento Army Depot, the same location at which Mavy was employed when her grievances arose, was not timely raised. She fails, moreover, to show exceptional circumstances why we should consider for the first time on appeal whether the district judge should have recused himself under 28 U.S.C. § 455. See Weiss v. Sheet Metal Wkrs. Local No. 544 Pension Tr., 719 F.2d 302, 304 (9th Cir.1983), cert. denied, 466 U.S. 972 (1984)