76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary Shuet Ming KWAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Shuet Ming Kwan appeals pro se from the district court's judgment following a bench trial in her "excessive force" action brought under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2674, in which she sought damages for injuries allegedly sustained when she was handcuffed by an agent of the Internal Revenue Service ("IRS") during a search of her residence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's findings of fact for clear error, giving due regard to the court's opportunity to judge the credibility of witnesses. Fed.R.Civ.P. 52(a); Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991).
 
 
 4
 Under the FTCA, the United States is liable for the acts of its employees that constitute torts in the state where the conduct occurred. See Ting v. United States, 927 F.2d 1504, 1513 (9th Cir.1991). Where the actions of a law enforcement officer are at issue, the government's liability is determined by reference to state law governing arrests pursuant to warrants. See id. at 1514. Because California was "the place where the act or omission occurred," California law governs the United States' liability in this FTCA action. See 28 U.S.C. § 1346(b). Under California law, an officer may use force that is reasonably necessary to effect an arrest or detention. See Ting, 927 F.2d at 1514; see also Cal.Penal Code § 835a; People v. Johnson, 231 Cal.App.3d 1, 12-14 (Cal.Ct.App.1991).
 
 
 5
 Kwan argues that the district court's factual finding that the IRS agent did not use excessive force in handcuffing her is in conflict with the evidence that she was calm and cooperative during the search. Although there was some testimony that Kwan remained calm, it was countered by the testimony of several officers that Kwan was acting hysterically, and that her uncooperative behavior delayed the search. This evidence supports the district court's finding that it was reasonable for IRS agent to handcuff Kwan in an effort to calm her down. Although Kwan argues that the evidence established that her wrists were injured by the IRS agent's negligent and violent method of handcuffing her, there was evidence that the IRS agent acted properly, and that Kwan's injuries were caused by her own attempts to resist being handcuffed. The district court's factual findings, which were based in part on credibility determinations, cannot be said to be clearly erroneous. See Brooker, 947 F.2d at 415.
 
 
 6
 Kwan also argues that the district court's excessive force finding is not consistent with the fact that the search of her residence was unconstitutional. This argument lacks merit. In this action Kwan challenged the degree of force employed by the IRS agent, not the legality of the search. Although the district court in an earlier action brought by Kwan against the City of San Jose found the search of her residence to be unconstitutional,[1] the United States was not a party to that action. Moreover, the reasonableness of the force exercised by an officer is a distinct issue from the legality of the search. Cf. People v. Curtis, 70 Cal.2d 347, 359 (Cal.1969) (explaining that reasonableness of force used by officer is distinct from lawfulness of arrest).
 
 
 7
 Finally, Kwan argues that the district court was biased against her. We need not consider this argument because Kwan failed to file an affidavit requesting the judge to recuse herself under 28 U.S.C. § 144, nor has Kwan suggested exceptional circumstances why we should consider the issue for the first time on appeal whether the trial judge should have recused herself under 28 U.S.C. § 455. See Weiss v. Sheet Metal Workers Local No. 544 Pension Trust, 719 F.2d 302, 304 (9th Cir.1983), cert. denied, 466 U.S. 972 (1984). In any event, Kwan's argument is meritless because the allegations of bias are based on nothing more than the judge's adverse findings, whereas recusal is warranted only when judicial bias stems from an extrajudicial source. See Taylor v. Regents of Univ. of California, 993 F.2d 710, 712-13 (9th Cir.1993), cert. denied, 114 S.Ct. 890 (1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court held in Kwan v. City of San Jose, No. C-90-2869-SBA, that the search of Kwan's residence was unconstitutional because the search lasted longer than it would have taken a reasonable officer to determine that Kwan's residence was not included in the search warrant