86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
Al CHANDLER, Defendant-Appellee.
 No. 95-36032.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerardo Rodriguez, an Oregon state prisoner, appeals pro se the district court's grant of prison officials' motion to dismiss his 42 U.S.C. § 1983 action for failing to state a claim. Rodriguez alleges that defendants violated his First Amendment and Fourteenth Amendment Equal Protection and Due Process rights when they: 1) retaliated against him for filing prison grievances; and 2) barred him from filing any subsequent prison grievances.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part as to Rodriguez' Fourteenth Amendment claims. We reverse and remand to the district court as to his First Amendment claims.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.), cert. denied, 506 U.S. 1020 (1992).
 
 
 4
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999 (1992). If the plaintiff appears pro se, the court must construe the pleadings liberally and must afford him the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). To state a claim under § 1983, the plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi, 839 F.2d at 624.
 
 I.
 First Amendment Violations
 A. Filing Prison Grievances
 
 6
 A prisoner's First Amendment right to meaningful access to the courts extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). Prison regulations that infringe on a prisoner's constitutional rights are valid so long as they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir.1993).
 
 
 7
 Here, Rodriguez alleged in his complaint that defendants violated his First Amendment rights by refusing to accept his formal written grievances regarding threats to his personal safety and requests for a prison transfer. The district court found that Rodriguez failed to allege sufficient facts to support this First Amendment claim. The district court dismissed Rodriguez' pro se complaint and entered judgment in his action without giving him notice of the deficiencies in his complaint or an opportunity to amend. Although Rodriguez' pro se complaint may have failed to articulate all the pertinent facts in support of this First Amendment violation, it is not absolutely clear that any deficiencies in this claim could not be cured by amendment. See Bradley, 64 F.3d at 1279; Love, 915 F.2d at 1245; Valandingham, 866 F.2d at 1138; Karim-Panahi, 839 F.2d at 624. Therefore, the district court erred in dismissing Rodriguez' civil rights action pursuant to Fed.R.Civ.P. 12(b)(6) without giving him leave to amend his pro se complaint. See Noll, 809 F.2d at 1448.
 
 B. Retaliation of Prison Officials
 
 8
 Prisoners have a First Amendment right to be free from retaliation for participating in protected speech activities. Pratt v. Rowland, 65 F.3d 802, 806 & n. 4 (9th Cir.1995). A prisoner's First Amendment right extends to established prison grievance procedures. Bradley, 64 F.3d at 1279; Valandingham, 866 F.2d at 1138. In order to succeed on his retaliation claim, an inmate must show that the prison officials' retaliation was a result of his exercising his First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). The inmate must allege that the retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. Rizzo, 778 F.2d at 532.
 
 
 9
 Here, Rodriguez alleged in his complaint that defendants violated his First Amendment rights by retaliating against him for filing formal written grievances when they instructed other inmates to assault him. The district court found that Rodriguez failed to allege sufficient facts to support this First Amendment claim. Although Rodriguez' pro se complaint may have failed to articulate all the pertinent facts in support of this First Amendment violation, it is not absolutely clear that any deficiencies of this claim could not be cured by amendment. See Pratt, 65 F.3d at 806; Love, 915 F.2d at 1245; Karim-Panahi, 839 F.2d at 624. Therefore, the district court erred in dismissing Rodriguez' civil rights action pursuant to Fed.R.Civ.P. 12(b)(6) without giving him leave to amend his pro se complaint. See Noll, 809 F.2d at 1448.
 
 II.
 Fourteenth Amendment Violations
 A. Due Process Clause
 
 10
 We agree with the district court that Rodriguez failed to state a Fourteenth Amendment procedural Due Process claim based on prison officials refusal to accept his prison grievance notices. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (establishing new test for determining existence of liberty interest in prisoner's procedural protections afforded by the Due Process Clause of the Fourteenth Amendment); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (finding "no legitimate claim of entitlement to a [prison] grievance procedure"), cert. denied, 488 U.S. 898 (1988).
 
 B. Equal Protection Clause
 
 11
 Prisoners are protected under the Equal Protection Clause against invidious discrimination based on race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Lee v. Washington, 390 U.S. 333, 334 (1968). Conclusory allegations by themselves, however, do not establish an equal protection violation without proof of invidious discriminatory intent. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977). When a suspect class is not implicated the court must determine whether alleged discrimination is patently arbitrary and bears no rational relationship to a legitimate governmental interest. Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir.1987).
 
 
 12
 Here, Rodriguez failed to allege that he is a member of a protected class or that the defendants' actions were a result of purposeful or invidious discrimination. Thus, his conclusory allegations that prison officials denied him the right to "equal treatment" to file prison grievances is insufficient to raise a claim that defendants violated his Equal Protection rights. See Village of Arlington Heights, 429 U.S. at 265; Wolff, 418 U.S. at 556; Lee, 390 U.S. at 334. Therefore the district court did not err in dismissing Rodriguez' Equal Protection claim pursuant to Fed.R.Civ.P. 12(b)(6). See Buckey, 957 F.2d at 654; Balistreri, 901 F.2d 699.
 
 
 13
 We therefore AFFIRM the district court's dismissal of Rodriguez' Fourteenth Amendment claims. We VACATE the district court's dismissal of his First Amendment claims, and REMAND for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rodriguez' May 7, 1996 motion for "final argument" is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rodriguez also raises for the first time on appeal that district court Judge Panner erred by failing to recuse himself on the grounds of bias. Upon review of the record, we find that there are insufficient facts to support this claim of judicial bias. See Weiss v. Sheet Metal Wkrs. Local No. 544 Pension Tr., 719 F.2d 302, 303 (9th Cir.1983), cert. denied, 466 U.S. 972 (1984)