87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. BATTIN, Plaintiff-Appellant,
v.
FIRST INTERSTATE MORTGAGE COMPANY; First Interstate Bank of
California, Defendants-Appellees.
 No. 94-56785.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 17, 1996.
 
 1
 Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 INTRODUCTION
 
 3
 Robert Battin, an attorney, appeals pro se the district court's grant of summary judgment in favor of First Interstate Bank and First Interstate Mortgage (collectively "First Interstate") in Battin's action against First Interstate based on its failure to provide Battin with a "note modification agreement" that would lower the interest rate on Battin's VA guaranteed loan. The action was originally filed in state court, but it was later removed to federal court by First Interstate. We affirm.
 
 DISCUSSION
 A. Summary Judgment
 
 4
 Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1432 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 515, 133 L.Ed.2d 424 (1995).
 
 
 5
 Under California law, the standard elements of a cause of action for breach of contract are a contract, plaintiff's performance or excuse for nonperformance, a breach by the defendant and damage to the plaintiff resulting from defendant's breach. Regan Roofing Co., Inc. v. Superior Court, 24 Cal.App. 4th 425, 434-35, 29 Cal.Rptr.2d 413 (1994). "California law implies a covenant of good faith and fair dealing in every contract." Mundy v. Household Finance Corp., 885 F.2d 542, 544 (9th Cir.1989) (citation omitted). "The implied covenant imposes certain obligations on contracting parties as a matter of law--specifically, that they will discharge their contractual obligations fairly and in good faith." Id. (citing Koehrer v. Superior Court, 181 Cal.App.3d 1155, 1169, 226 Cal.Rptr. 820, 828 (1986)).
 
 
 6
 Battin claims that First Interstate breached its contract and the covenant of good faith and fair dealing when it failed to provide a "note modification agreement." However, Battin is trying to create an obligation where none exists. Neither the 1986 loan agreement nor the March 17, 1993 letter obliged First Interstate to supply a note modification agreement. The former did obligate First Interstate to provide a loan with certain terms and conditions. It provided the loan. The latter offered to refinance the loan, but Battin declined that because he wanted something else. Nothing more was required of First Interstate. Battin simply failed to present any genuine issues of material fact regarding those claims.[1]
 
 B. Recusal
 
 7
 When a party raises the issue of recusal for the first time on appeal, the party must demonstrate "good cause why he did not file an affidavit requesting the trial judge to recuse himself under 28 U.S.C. § 144 ... [and] exceptional circumstances why we should consider for the first time on appeal whether the trial judge should have disqualified himself under 28 U.S.C. § 455." Weiss v. Sheet Metal Workers Local No. 544 Pension Trust, 719 F.2d 302, 304 (9th Cir.1983) (per curiam), cert. denied, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 821 (1984); see also Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir.1989); Gonzales v. Parks, 830 F.2d 1033, 1037 (9th Cir.1987); United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980).
 
 
 8
 On appeal, Battin argues for the first time that the district court judge should have recused himself from this case. No motion for recusal or affidavit of bias was filed in the district court during the pendency of this case. Battin fails to demonstrate any reason why this court should decide the recusal issue for the first time on appeal. Thus, we decline to entertain the merits of Battin's recusal claim. See Weiss, 719 F.2d at 304.
 
 AFFIRMED.[2]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fact that Battin's mortgage loan with First Interstate was sold to GNMA does not affect this analysis. Even if First Interstate had retained the loan, Battin would not have been able to demonstrate that First Interstate had an obligation to provide him with a note modification agreement upon the terms set by Battin
 
 
 [2]
 In the exercise of our discretion we decline to impose Fed.R.App.P. 38 sanctions upon Battin