**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1915**

MICHELLELYNETTE HUGHES,

Plaintiff - Appellant,

v.

INOVA HEALTH CARE SERVICES, d/b/a INOVA Health System,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:16-cv-00674-CMH-MSN)

Submitted:  February 28, 2018                    Decided:  March 7, 2018

Before DUNCAN and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

MichelleLynette Hughes, Appellant Pro Se.  Laurie Kirkland, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

MichelleLynette Hughes appeals the district court's order granting summary judgment in favor of her former employer on her complaint alleging disability discrimination and retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2012), and retaliation, in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 (2012).  We have reviewed the record and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.[*] *Hughes v. INOVA Health Care Servs.*, No. 1:16-cv-00674-CMH-MSN (E.D. Va. filed June 26, 2017 & entered June 27, 2017).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We reject Hughes' argument, raised for the first time on appeal, that the district court judge was biased due to a financial conflict of interest.  *See Weiss v. Sheet Metal Workers Local No. 544 Pension Tr.*, 719 F.2d 302, 304 (9th Cir. 1983) (deeming untimely argument that trial judge was biased based on financial conflict of interest because party did not show "good cause why he did not file an affidavit requesting the trial judge to recuse himself under 28 U.S.C. § 144" or "exceptional circumstances why [court] should consider for the first time on appeal whether the trial judge should have disqualified himself under 28 U.S.C. § 455").